C. E. SAMPLE, T/A SAMPLE CONSTRUCTION COMPANY v. PATRICK H. MORGAN AND WIFE, IRENE S. MORGAN

No. 831SC120

(Filed 7 February 1984)

**Contracts § 6.1— general contractor with a limited license—ability to collect only amount of limited license**

> Plaintiff, who held a limited license as a general contractor for a single project "of a value [not to exceed] one hundred twenty-five thousand dollars ($125,000)" under G.S. 87-10, could not collect more than $125,000.00 on his contract with defendant even though plaintiff calculated the total cost of the house as $139,998.90 under a formula orally agreed to by the parties.

> Judge EAGLES dissenting.

APPEAL by plaintiff from *Allsbrook, Judge*. Judgment entered 24 September 1982 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 12 January 1984.

This is a civil action wherein plaintiff seeks to recover from defendants $19,667.08 plus interest pursuant to a contract to build a house on defendants' property. The evidence introduced at trial shows the following: plaintiff and defendants entered into an oral

contract whereby plaintiff agreed to build a house on defendants' lot at a price of "cost of materials and labor plus 10%." Plaintiff held a limited license as a general contractor for single projects "of a value [not to exceed] one hundred twenty-five thousand dollars ($125,000) . . ." under N.C. Gen. Stat. Sec. 87-10. At the time plaintiff was first approached by defendants about building the house, plaintiff estimated the cost at $130,000.00. Defendants felt that this was "too much" and the plans were substantially revised, yielding a new estimate of $115,000.00. When the house was completed, the plaintiff calculated the total cost of the house as $139,998.90 under the formula orally agreed to by the parties.

At the close of the plaintiff's evidence and again at the close of all the evidence defendants made motions "for a dismissal" "pursuant to Rule 50 of the North Carolina Rules of Civil Procedure." The court "reserved" ruling on the motions and submitted the case to the jury, which returned a verdict in favor of plaintiff in the amount of $11,000.00. The defendants then made a motion "for judgment notwithstanding the verdict, renewing . . . previous motions filed pursuant to Rule 50," which motion was granted. From a judgment notwithstanding the verdict for defendants, plaintiff appealed.

*O. C. Abbott for plaintiff, appellant.*

*Trimpi, Thompson & Nash, by C. Everett Thompson, for defendants, appellees.*

HEDRICK, Judge.

Plaintiff first contends "the trial court committed reversible error in granting defendants' motion to amend their answer." Plaintiff recognizes the well-established rule that a motion to amend "is addressed to the sound discretion of the trial judge," *Smith v. McRary*, 306 N.C. 664, 671, 295 S.E. 2d 444, 448 (1982) (citation omitted), but contends that the court's action in the instant case constitutes an abuse of discretion. We disagree, noting that plaintiff has failed to identify any prejudice resulting from the court's ruling in this regard. This assignment of error is overruled.

Plaintiff next contends that "the trial court committed reversible error in setting aside the verdict and granting defend-

ants' motion for judgment notwithstanding the verdict." The uncontroverted evidence discloses that plaintiff, a contractor, seeks to recover on a contract for construction of defendants' house an amount in excess of the statutory limitations of his contractor's license. The rule is clear that a contractor who violates statutory licensing requirements may not enforce a construction contract against an owner. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968). Plaintiff seeks to escape imposition of this rule, however, by invoking the doctrine of "substantial compliance" most recently recognized in *Barrett, Robert & Woods v. Armi*, 59 N.C. App. 134, 296 S.E. 2d 10, *disc. rev. denied*, 307 N.C. 269, 299 S.E. 2d 214 (1982). The theory of "substantial compliance" relied on by plaintiff has been specifically and emphatically rejected by our Supreme Court in *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983). On this record plaintiff cannot collect more than $125,000.00 on his contract with defendants.

Affirmed.

Judge BRASWELL concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent. I would reverse the judgment notwithstanding the verdict allowed by the trial court and would permit the jury verdict to stand. I am cognizant of the recent decision of our Supreme Court in *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983), rejecting the doctrine of substantial compliance as a vehicle for salvaging claims of unlicensed contractors. Though relied upon by the majority, that case is not dispositive of the question here.

In the case *sub judice*, the general contractor was licensed *at all times* in dispute, without interruption. His license authorized him to enter and perform construction contracts having a value of up to $125,000. Before entering the contract with plaintiff, defendants altered their originally submitted plans and specifications by eliminating certain features from the original plans to reduce the estimated cost from the initial estimated cost of $130,000 to an

estimated cost for the house of $115,000, a figure well within the authorized license limits of plaintiff. The contract entered into called for the work to be performed on a cost plus ten percent basis which was estimated to be $115,000. The evidence shows clearly and in detail that the increase in cost from the $115,000 estimated cost was not due to any action of the plaintiff, save his acquiescence to defendants' subsequently requested additions, extras, add on, and changes in the items specified to be included in the house. The house is conceded by all to be a well built and beautiful home. The fact that plaintiff acquiesced in defendants' choices to have installed finer plumbing fixtures than originally called for, marble counter tops in lieu of those originally called for, a finer and more expensive type of carpeting than the original carpet allowance would permit and other changes while construction was in progress does not violate the language or spirit of Chapter 87 and its strictures. I would hold that a licensed general contractor has complied with Chapter 87 when the contractor is licensed throughout the negotiation, contracting and construction process, the estimated construction cost under the original contract is within the dollar limits of his license, and any subsequent variations from the plans and specifications of the original contract are at the initiation of the other party and are merely acquiesced in by the contractor.